Filed 3/26/14  P. v. Dorsey CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMIE DORSEY,<br><br>    Defendant and Appellant. | B252134<br><br>(Los Angeles County<br>Super. Ct. No. BA215432) |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Jamie Dorsey, in pro. per., and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Jamie Dorsey appeals from the trial court's order denying his petition seeking resentencing under Proposition 36 (Pen. Code, § 1170.126, subd. (e)).[1] The trial court denied the petition, noting that defendant's commitment offenses were robbery, which is a "violent" felony (§ 667.5, subd. (c)(9)) and criminal threats, which is a "serious" felony (§1192.7, subd. (c)(38)), thus making Dorsey ineligible for Proposition 36 resentencing.

Dorsey filed a timely appeal. We appointed counsel to represent Dorsey on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Dorsey filed a supplemental brief arguing his attorney in his 2002 trial of the commitment offenses rendered ineffective assistance by failing to contend that his prior offenses were not "strikes."

We have examined the entire record and are satisfied that defendant's attorney in the instant appeal has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.) Dorsey's commitment offenses were serious and violent felonies, making him ineligible for resentencing under Proposition 36 (§ 1170.126, subd. (e)(1)). Dorsey's contentions regarding ineffective assistance of trial counsel in 2002 do not alter the propriety of the trial court's denial of his Proposition 36 petition and are not properly raised in this appeal. Habeas corpus is the proper means by which to challenge the status of these prior convictions as strikes and to challenge trial counsel's effectiveness.

---

[1] Undesignated statutory references pertain to the Penal Code.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED

MILLER, J.*

We concur:

CHANEY, Acting P. J.

JOHNSON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.